*NCMB Chapter 13 Plan*

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

**Fill in this information to identify your case:**

Debtor 1    __Angela  C  Wilson__

Debtor 2    __Rodney  Dale  Wilson__
(Spouse, if filing)

Case number ___

SS# Debtor 1: XXX-XX-<u>8737</u>

SS# Debtor 2: XXX-XX-<u>8149</u>

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed

_____

### CHAPTER 13 PLAN

| Section 1: | Notices. |
|---|---|

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable. *You **must** check each box that applies in § 1.1 and 1.3 below. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 4, which may result in a partial payment or no payment at all to the secured creditor. | [ ].Included.1] | [X] NCMB.Not.Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest will be done by separate motion or adversary proceeding. | | ☑ Not included |
| 1.3 | Nonstandard provisions set out in Section 9. | ☐ Included | ☑ Not included |

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You will need to file a proof of claim in order to be paid under any plan. Official notice will be sent to Creditors, which will provide the name and address of the Trustee, the date and time of the meeting of creditors, and information regarding the filing of proofs of claim.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least seven days before the date set for the hearing on confirmation. You will receive notification from the Bankruptcy Court of the date set for the hearing on confirmation. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

| Section 2: | Plan Length, Payments and Liquidation Value |
|---|---|

2.1   **Plan length.** The applicable commitment period is:

☐ 36 months

☑ 60 months

2.2   **Payments.** The Debtor will make payments to the Trustee as follows:

<u>$2,005.00 </u>per month for <u>60</u> month(s).

$___ per month for ___ month(s).

Additional payments _____

The Debtor shall commence payments to the Trustee within thirty (30) days from the date the petition was filed.  If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to pay creditors as specified in this plan.

2.3   **Liquidation value.**

a. [X]  The amount that allowed priority and non-priority unsecured claims would receive if assets were liquidated in a Chapter 7 case, after allowable exemptions, is estimated to be $2,000.00.

b. ☐   Classes of unsecured claims are established, if necessary, based on liquidation value requirements as follows:

Class __ – Allowed unsecured claims of _____ with a liquidation value requirement of $_____.

Class __ – Allowed unsecured claims of _____ with a liquidation value requirement of $_____.

Class __ – Allowed joint unsecured claims of _____ with a liquidation value requirement of $_____.

c. ☐   Due to liquidation value requirements, interest at ___% per annum will be paid to allowed priority and non-priority unsecured claims as provided below:

[ ] Interest to all allowed priority and non-priority unsecured claims.

[ ] Interest to allowed priority and non-priority claims in Class _____.

## Section 3:   Fees and Priority Claims.

3.1   **Attorney fees.**

☑   The Attorney for the Debtor will be paid the presumptive base fee of $6,000.00. The Attorney has received   $500.00  from the Debtor pre-petition and the remainder of the fee will be paid monthly by the Trustee as funds are available.

☐   The Attorney for the Debtor will be paid a reduced fee of $ ___. The Attorney has received [Attorney.Fees.Paid] from the Debtor pre-petition and the remainder of the fee will be paid monthly by the Trustee as funds are available.

☐   The Attorney for the Debtor will file an application for approval of a fee in lieu of the base fee.

3.2   **Trustee costs**.  The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

3.3   **Priority Domestic Support Obligations ("DSO").**

a. ☑ None

b. ☐  The name and address of the holder of any DSO as defined in §101(14A) is as follows:

| Name of DSO Claimant | Address, City & State |
|---|---|
|  |  |

c. All post-petition DSO amounts will be paid directly by the Debtor to the holder of the claim and not by the Trustee.

d. Arrearages owed to DSO claimants under 11 U.S.C. § 507(a)(1)(A) not presently paid through wage garnishment will be paid by the Trustee as follows:

| Name of DSO Claimant | Estimated Arrearage Claim | Monthly Payment |
|---|---|---|
| -NONE- |  |  |

3.4   **Other Priority Claims to be Paid by Trustee.**

a. ☐ None

b. ☑ To Be Paid by Trustee

| Creditor | Estimated Priority Claim |
|---|---|
| Internal Revenue Sercie | $0.00 |
| North Carolina Department of Revenue | $0.00 |
| Randolph County Tax Department | $0.00 |

## Section 4:   Secured Claims.

4.1   **Real Property - Claims secured solely by debtor's principal residence.**

a. ☐ None

b. ☑ Maintenance of Payments and Cure of Default

| Creditor | Address of Residence | Current Y/N | Monthly Payment | Estimated Arrearage Amount on Petition Date | If Current, Indicate by Debtor or Trustee |
|---|---|---|---|---|---|
| Freedom Mortgage | 538 Butler Lake Rd. | Y | $2,015.62 | $0.00 | Debtor |
| Truliant Federal Credit Union | 538 Butler Lake Rd. | Y | $1,026.00 | $0.00 | Debtor |
| Aqua Finance Inc | 538 Butler Lake Rd. | Y | $475.00 | $0.00 | Debtor |

c. ☐ Claims to be Paid in Full by Trustee.

d. ☐ Request for Valuation to Treat Claims as Totally Unsecured. *This will be effective only if the applicable box in Section 1.1 of this plan is checked.*

**4.2     Real Property - Claims secured by real property other Than by debtor's residence AND claims secured by debtor's principal residence and additional collateral.**

a. ☑ None

**4.3     Personal property secured claims.**

a. ☐ None

b. ☐ Maintenance of Payments and Cure of Default.

c. ☐ Claims Secured by Personal Property to be Paid in Full.

d. ☑ Claims Secured by Personal Property excluded from 11 U.S.C. § 506 being either (i) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for personal use of the Debtor, or (ii) incurred within one (1) year of the petition date and secured by a purchase money security interest in any other thing of value. The filed claim must include documentation to show exclusion from 11 U.S.C. § 506 in order to be paid in full.

| Creditor | Collateral | Estimated Total Claim | Monthly Payment | Interest Rate | Adequate Protection Payment |
|---|---|---|---|---|---|
| Regional Acceptance Corp C/o Hasana Stanberry | 2025 Chevrolet Blazer | $49,133.00 | $1,008.04 | 8.50% | |
| Santander Consumer USA | 2025 Chevrolet Equinox | $36,435.00 | $747.52 | 8.50% | |

e. ☐ Request for Valuation to Treat Claims as Secured to the Value of the Collateral and Any Amount in Excess as Unsecured. This will be effective only if the applicable box in Section 1.1 of this plan is checked.

**Section 5:     Collateral to be Surrendered.**

a. ☑ None

**Section 6:     Nonpriority Unsecured Claims.**

**6.1     Nonpriority Unsecured Claims Not Separately Classified.**

Allowed nonpriority unsecured claims will be paid pro rata with payments to commence after priority unsecured claims are paid in full. There is no requirement for a distribution to nonpriority unsecured claims except as provided in Section 2.3 or 6.

a. [X] The minimum sum of $__0.00__ will be paid pro rata to nonpriority unsecured claims due to the following:

☐ Disposable Income

☐ Other

b. ☐ Allowed non-priority unsecured claims will be paid in full with interest at ___% per annum due to all disposable income not being applied to the plan payment.

**6.2     Separately Classified Nonpriority Unsecured Claims.**

a. [X] None

**Section 7:**     Executory Contracts and Unexpired Leases.

a. ☑  None

**Section 8:**     Local Standard Provisions.

8.1   a. The Trustee shall collect and disburse payments in accordance with the plan.

b. Proofs of claim must be filed to receive disbursements pursuant to the plan. Any claim to be paid as secured must contain evidence of a properly perfected lien on property of the estate. If a claim is listed as secured and the creditor files an unsecured claim, the claim will be treated as unsecured.

c. Any creditor holding an allowed secured claim and to whom the Debtor is surrendering property under the order confirming plan is granted relief from the automatic stay as to the property and relief from any co-debtor stay so the creditor may obtain possession and liquidate the property. Any net proceeds, after payment of liens and costs of liquidation, are to be forwarded to the Trustee.

d. All payments being made by the Trustee on any claim secured by real or personal property shall terminate upon the lifting of the automatic stay with respect to the affected property.

e. Notwithstanding the allowance of a claim as secured, all rights under Title 11 to avoid liens or transfers are reserved and confirmation of the plan is without res judicata effect as to any action to avoid a lien or transfer.

f. Notwithstanding 11 U.S.C. § 1327(b), all property of the estate as specified by 11 U.S.C. §§ 541 and 1306 shall continue to be property of the estate following confirmation until the earlier of discharge, dismissal, or conversion of the case.

g. Confirmation of the plan shall not prejudice the right of the Debtor or Trustee to object to any claim.

h. The Debtor must promptly report to the Trustee and must amend the petition schedules to reflect any significant increases in income and any substantial acquisitions of property such as inheritance, gift of real or personal property, or lottery winnings.

8.2   THE FOLLOWING ADDITIONAL PROVISIONS ARE APPLICABLE TO THE HOLDER OR SERVICER ("HOLDER") OF A CLAIM SECURED BY A DEED OF TRUST, A MORTGAGE OR SECURITY INTEREST IN REAL PROPERTY, OR A MOBILE HOME THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE:

a. The Holder, upon confirmation, is precluded from imposing late charges or other default related fees based solely on pre-confirmation default.

b. If the Trustee is disbursing ongoing monthly installment payments, the Holder must apply each ongoing payment to the month in which the payment is designated.

c. For any loan with an escrow account, the Holder must prepare and must send an escrow analysis annually to the Debtor, the Trustee and the Debtor's attorney. The first escrow analysis must be filed with the proof of claim in accordance with Bankruptcy Rule 3002.1. The escrow analysis should not include any amounts that were included or should have been included in the arrearage claim.

d. The Holder shall continue to send monthly statements to the Debtor in the same manner as existed pre-petition and such statements will not be deemed a violation of the automatic stay.

e. The Holder is required, upon request, to provide account information to the Trustee within 21 days of the request and failure to provide a timely response may result in an order requiring the Holder to appear and show cause as to why Holder should not be sanctioned for failure to comply.

f. Nothing herein shall modify Holder's responsibilities under Bankruptcy Rule 3002.1.

g. Unless the Court orders otherwise, an order granting a discharge in the case shall be a determination that all pre-petition and post-petition defaults have been cured and the account is current and reinstated on the original payment schedule under the note and security agreement as if no default had ever occurred.

**h. PENALTY FOR FAILURE OF HOLDER TO COMPLY WITH THE REQUIREMENTS OUTLINED IN BANKRUPTCY RULE 3002.1.**

Without limitation to the Court's authority to afford other relief, any willful failure of the Holder to credit payments in the manner required by Bankruptcy Rule 3002.1 or any act by the creditor following the entry of discharge to charge or collect any amount incurred or assessed prior to the filing of the Chapter 13 Petition or during the pendency of the Chapter 13 case that was not authorized by the order confirming plan or approved by the Court after proper notice, may be found by the Court to constitute contempt of Court and to be a violation of 11 U.S.C. § 524(i) and the injunction under 11 U.S.C. § 524(a)(2).

**Section 9:**     NonStandard Plan Provisions.

a. X None

b. ☐  The following plan provisions will be effective only if there is a check in the box "Included" in Section 1.3. Any nonstandard provisions as defined by Bankruptcy Rule 3015(c) set out elsewhere in this plain is void.

_____

By filing this document, the Debtor(s), if not represented by an Attorney, or the Attorney for Debtor(s) certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in NCMB Chapter 13 Plan, other than any nonstandard provisions included in Section 9.

Signature(s):

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.*

/s/ Stephen Robertson
Signature of Attorney for Debtor(s)

Date:02/05/2026

Address: 437 West Friendly Avenue Ste. 134

Greensboro, NC 27401

Telephone: 336-370-6760

State Bar No: 27608

*NCMB Chapter 13 Plan (1/1/20)*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| In re: Angela C Wilson & Rodney Dale Wilson | Case No. |
| | |
| SS# XXX-XX-8737 | CHAPTER 13 PLAN |
| SS# XXX-XX-8149 | |
| | |
| Debtor(s) | |

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the Notice to Creditors and Proposed Plan was served by first class mail, postage prepaid, to the following parties at their respective addresses:

**See next page**

Affirm Holdings, Inc.
650 California St.
FL 12
San Francisco, CA 94108

Apple Card/GS BANK USA
200 West St
New York, NY 10282

Capital One
1680 Capital One Dr
McLean, VA 22102

Coastal Federal Credit Union
PO BOX 58429
Raleigh, NC 27658

Department of Education/Nelnet
13907 S Minuteman Dr
Draper, UT 84020

Freedom Mortgage
951 W YAMATO RD
STE 175
Boca Raton, FL 33431

JPMCB Card
1111 Polaris Pkwy
Columbus, OH 43240

North Carolina Department of Revenue
PO Box 25000
Raleigh, NC 27640

PNC Bank
222 Delaware Ave
Wilmington, DE 19801

Randolph County Tax Department
725 McDowell Rd
2nd Floor
Asheboro, NC 27205

Santander Consumer USA
824 N Market St
Ste 100
Wilmington, DE 19801

Spring Oaks Capital, LLC
1400 Crossways Blvd
Ste. 100b
Chesapeake, VA 23320

SYNCB/Lowes
170 W Election Rd
Ste 125
Draper, UT 84020

SYNCB/PPMC
170 W Election Rd
Ste 125
Draper, UT 84020

Truliant Federal Credit Union
3200 Truliant Way
Winston Salem, NC 27103

Apple Card/GS Bank USA
200 West St
New York, NY 10282

Aqua Finance Inc
2626 Glenwood Avenue
Suite 550
Raleigh, NC 27608

Citi Bank
5800 S Corporate Pl
Sioux Falls, SD 57108

Comenity Capital/Dell
12921 S Vista Station Blvd
Draper, UT 84020

Discover
PO BOX 30939
Salt Lake City, UT 84130

Internal Revenue Sercie
PO Box 7346
Philadelphia, PA 19101

LVNV Funding LLC
55 Beattie Place
Suite 110
Greenville, SC 29601

Pentagon Federal Credit Union
2930 EISENHOWER AVE
Alexandria, VA 22314

Portfolio Recovery Associates, L.L.C
150 Corporate Blvd.
Norfolk, VA 23502

Regional Acceptance Corp C/o Hasana Stanberry
214 North Tryon Street
44th Floor
Charlotte, NC 28202

Smith Debnam
5821 Fairview Rd ste 100
Charlotte, NC 28209

SYNCB/Amazon
170 W Election Rd
Ste 125
Draper, UT 84020

SYNCB/MC
170 W Election Rd
Ste 125
Draper, UT 84020

THD/CBNA
5800 S Corporate Pl
Sioux Falls, SD 57108

Wells Fargo
3201 N 4th Ave
Sioux Falls, SD 57104

Under penalty of perjury, I declare that the foregoing is true and correct.

Date

Signature     /s/ Stephen E. Robertson

Print Name:     Stephen E. Robertson

Business Address:        Stephen E Robertson Law Office

437 W Friendly Ave,

Greensboro NC 27401